**Rosetta HAMILTON, Plaintiff—Appellant,**

**v.**

**PARBALL CORPORATION; et al., Defendants—Appellees.**

**No. 06–15384.**

United States Court of Appeals, Ninth Circuit.

Submitted April 27, 2007 *.

Filed May 24, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

R.App. P. 34(a)(2).

Scott M. Mahoney, Esq., Fisher & Phillips LLP, Las Vegas, NV, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Rosetta Hamilton appeals from the district court's grant of summary judgment in favor of her former employer, the Parball Corporation, d/b/a Paris Hotel Casino ("Paris Hotel"), on her claims of race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the district court's grant of summary judgment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002). We affirm.

■ The district court properly applied the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and concluded that Hamilton failed to raise a genuine issue of material fact regarding whether her termination was on account of her race or sex. Paris Hotel articulated that it terminated Hamilton's employment due to her below-standard job performance and for providing false information to management regarding an employee. Although Hamilton contends that her misconduct was minor, that she was improperly denied training, and that she was not given progressive discipline, Hamilton failed to meet her burden of showing that

** This disposition is not appropriate for publication and is not precedent except as provid-

Paris Hotel acted with a discriminatory motive. *See Villiarimo*, 281 F.3d at 1062.

■ Hamilton's retaliation claim similarly fails. Hamilton did not establish a causal link between her protected activity and the adverse employment action that occurred ten months later. *See id.* at 1065.

Accordingly, the judgment of the district court is **AFFIRMED**.